UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUSANNE LAVIGNE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:06-cv-00366-DRH |
| | ) |
| CKE RESTAURANT GROUP, | ) |
| HARDEES FOOD SYSTEMS AND | ) |
| GLEN BOBEIAN, | ) |
| | ) |
| Defendants. | ) |

## ANSWER OF DEFENDANT CKE RESTAURANTS, INC.

COMES NOW Defendant CKE Restaurants, Inc., incorrectly named as "CKE Restaurant Group", and for its Answer states:

### COUNT I

1. Defendant denies each and every averment of Paragraph 1.

2. Defendant denies each and every averment of Paragraph 2.

3. Defendant denies each and every averment of Paragraph 3.

4. Defendant admits each and every averment of Paragraph 4.

5. Defendant denies each and every averment of Paragraph 5.

6. Defendant admits the averments of Paragraph 6.

7. Defendant denies each and every averment of Paragraph 7.

8. Defendant denies each and every averment of Paragraph 8.

9. Defendant admits the averments of Paragraph 9.  Defendant further states that the Defendant was not named in the Charge, rather the Charge identifies Defendant Hardee's Food Systems, Inc. as Plaintiff's employer.

10. Defendant admits the averments of Paragraph 10. Defendant further states that the Defendant was not named in the Charge, rather the Charge identifies Defendant Hardee's Food Systems, Inc. as Plaintiff's employer.

11. Defendant admits the averments of Paragraph 11. Defendant further states that the Defendant was not named in the Charge, rather the Charge identifies Defendant Hardee's Food Systems, Inc. as Plaintiff's employer.

12. Defendant denies each and every averment of Paragraph 12.

13. Defendant denies each and every averment of Paragraph 13.

14. Defendant denies each and every averment of Paragraph 14.

15. Defendant denies each and every averment of Paragraph 15.

16. Defendant denies each and every averment of Paragraph 16.

17. Defendant denies each and every averment of Paragraph 17.

WHEREFORE, having fully answered the averments of Count I, Defendant moves this Court to dismiss Count I, at Plaintiff's costs, and to award Defendant its reasonable attorneys' fees incurred in responding to Count I.

## Count II

1. Defendant admits that Plaintiff was employed by Defendant Hardee's Food Systems, Inc. as an Assistant Manager beginning on or about February 12, 2003. Except to the extent hereinbefore expressly admitted, Defendant denies each and every averment of Paragraph 1.

2. Defendant admits the averments of Paragraph 2.

3. Defendant denies each and every averment of Paragraph 3.

4. Defendant admits the averments of Paragraph 4.

5. Defendant admits the averments of Paragraph 5.

6. Defendant admits the averments of Paragraph 6.

7. Defendant denies each and every averment of Paragraph 7.

8. Defendant denies each and every averment of Paragraph 8.

9. Defendant admits the averments of Paragraph 9.

10. Defendant admits the averments of Paragraph 10.

11. Defendant admits the averments of Paragraph 11.

12. Defendant denies each and every averment of Paragraph 12.

13. Defendant denies each and every averment of Paragraph 13.

14. Defendant denies each and every averment of Paragraph 14.

15. Defendant denies each and every averment of Paragraph 15.

16. Defendant denies each and every averment of Paragraph 16.

17. Defendant denies each and every averment of Paragraph 17.

WHEREFORE, having fully answered the averments of Count II, Defendant moves this Court to dismiss Count II at Plaintiff's costs, and to award Defendant its reasonable attorneys' fees incurred in responding to Count II.

## **COUNT III**

1. Defendant admits that Plaintiff was a citizen and resident of the State of Illinois. Except to the extent hereinbefore expressly admitted, Defendant denies each and every averment of Paragraph 1.

2. Defendant denies each and every averment of Paragraph 2.

3. Defendant denies each and every averment of Paragraph 3.

4. Defendant denies each and every averment of Paragraph 4.

5. Defendant denies each and every averment of Paragraph 5.

WHEREFORE, having fully answered the averments of Count III, Defendant moves this Court to dismiss Count III, at Plaintiff's costs, and to award Defendant its reasonable attorneys' fees incurred in responding to Count III.

## COUNT IV

1. Defendant admits that Plaintiff is a citizen of the State of Illinois and a resident of the State of Illinois, and that Defendant Hardee's Food Systems, Inc. is authorized to do business in the State of Illinois, and in fact, is doing business in Madison County, Illinois. Except to the extent hereinbefore expressly admitted, Defendant denies each and every averment of Paragraph 1.

2. Defendant admits that Plaintiff allegedly received injuries arising out of the course and scope of her employment with Defendant Hardee's and that Plaintiff notified Defendant Hardee's of her intention to file a worker's compensation claim. Except to the extent hereinbefore expressly admitted, Defendant denies each and every averment of Paragraph 2.

3. Defendant denies each and every averment of Paragraph 3.

4. Defendant denies each and every averment of Paragraph 4.

5. Defendant denies each and every averment of Paragraph 5.

WHEREFORE, having fully answered the averments of Count IV, Defendant moves this Court to dismiss Count IV, at Plaintiff's costs, and to award Defendant its reasonable attorneys' fee incurred in responding to Count IV.

## COUNT V

1. Defendant admits the averments of Paragraph 1.

2. Defendant admits the averments of Paragraph 2.

3. Defendant admits the averments of Paragraph 3.

4. Defendant admits that Plaintiff's employment was terminated because she failed to handle the deposit of a travelers check in a proper manner.

5. Defendant lacks sufficient information to determine the truth of the averments in Paragraph 5, and therefore denies the same.

6. Defendant denies each and every averment of Paragraph 6.

7. Defendant denies each and every averment of Paragraph 7.

8. Defendant denies each and every averment of Paragraph 8.

9. Defendant denies each and every averment of Paragraph 9.

10. Defendant denies each and every averment of Paragraph 10.

WHEREFORE, having fully answered the averments of Count V, Defendant moves this Court to dismiss Count V, at Plaintiff's costs, and to award Defendant its reasonable attorneys' fees incurred in responding to Count V.

THE STOLAR PARTNERSHIP LLP


By:      s/Susan Nell Rowe
      SUSAN NELL ROWE
      HENRY F. LUEPKE

911 Washington Ave., 7th Fl.
St. Louis, Missouri 63101
(314) 231-2800 (Phone)
(314) 436-8400 (Fax)
SNR@stolarlaw.com
HFL@stolarlaw.com

Attorneys for Defendant
CKE Restaurants, Inc.


### CERTIFICATE OF SERVICE

    I hereby certify that on May 22, 2006, I electronically filed Answer of Defendant CKE Restaurants, Inc. with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    Michael J. Brunton, Esq.
    mbrunton@ezl.com


                        s/Susan Nell Rowe

06002001.DOC